FILED
United States Court of Appeals
Tenth Circuit

June 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHELLE IVERSON,

      Plaintiff-Appellant,

v.

CITY OF SHAWNEE, KANSAS,

      Defendant-Appellee.

No. 08-3264
(D.C. No. 2:07-CV-02304-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **GORSUCH**, Circuit Judge.

---

While employed as a police officer by the City of Shawnee, Kansas (City) Michelle Iverson was injured. When it became clear she could not return to her job she sought reassignment to a vacant position with the City. Claiming the City failed to reasonably accommodate her disability by transferring her to a vacant

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

position she brought an action against the City, grounded on the Americans with Disabilities Act (ADA). The district court determined the City did not engage in an interactive process, as required, in order to accommodate her request for a transfer to a vacant position. Nevertheless, it entered summary judgment for the City because Iverson presented no evidence indicating an appropriate vacant position existed with the City. Iverson maintains, as she argued to the district court, that an employer must engage in the interactive process even in the absence of any evidence of a vacant position. We affirm the summary judgment entered by the district court.[1]

## I. Claims Raised

According to Iverson's complaint: she suffered a back injury while on duty in early February 2005; her injury was exacerbated at the end of May 2005 while she was extracting a victim from an automobile accident and she underwent spinal fusion surgery in an effort to obtain relief; despite the surgery, she was unable to pass the firearms re-qualification test required of all law enforcement officers in Kansas; she requested accommodation by a transfer to an open detective position and "also inquired about the possibility of other police officer assignments or other non-officer jobs but was told by Defendant's agents there were no jobs available." Aplt. App., Vol. I at A5. Finally she claims she "could have performed numerous positions within the [City] with or without reasonable

---

[1]    Our jurisdiction derives from 28 U.S.C. § 1291.

-2-

accommodation." Id. Moveover, "there was no attempt by the city to evaluate her condition, provide her with a reasonable accommodation or engage in a good-faith interactive dialogue about continuing her employment with the City." Id. Following completion of discovery a pretrial conference was held. According to the pretrial order (which superceded the pleadings) Iverson contended the City failed to provide a reasonable accommodation and that "[a]ssuming that she could not be accommodated in the job classification of police officer, there were numerous other positions both within the police department or other city departments that she could be transferred to as a reasonable accommodation, i.e. detective, records technician, police dispatcher, and clerical or administrative positions within the City."[2] Aplee. Supp. App. at AA4.

## II. Standard of Review

We review the grant of summary judgment de novo and apply the same standard as the district court. Rule 56(c) of the Federal Rules of Civil Procedure instructs that summary judgment is appropriate if there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law. In making this determination, we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. However, we caution

---

[2] We assume, *arguendo*, the City was required to consider jobs anywhere in City government, not just in the Police Department.

that mere conclusory allegations are insufficient to establish an issue of fact under Fed. R. Civ. P. 56.

*Barber ex rel. Barber v. Colo. Dep't of Rev.*, 562 F.3d 1222, 1227-28 (10th Cir. 2009) (quotations, citations, and alterations omitted).

## III.  Analysis

As discussed in detail in our decision in *Smith v. Midland Brake, Inc.*, under Title I of the ADA, "'[n]o covered entity shall discriminate against a *qualified individual with a disability* because of the disability of such individual in regard to . . . discharge of employees.'"  180 F.3d 1154, 1160-61 (10th Cir. 199) (quoting 42 U.S.C. § 12112(a)) (emphasis in original).  The term "discriminate" includes failing to make "reasonable accommodations" to the limitations of the disabled employee, *id*. at 1161 (quoting 42 U.S.C. § 12112(b)(5)(A) (emphasis omitted), and the term "reasonable accommodations" may include "reassignment to a vacant position," *id*. (quoting 42 U.S.C. § 12111(9)) (emphasis omitted).

Under the "familiar burden shifting approach set forth in *McDonnell Douglas Corp. v. Green*," "[t]o survive summary judgment on an ADA claim of failure to accommodate by offering reassignment to a vacant position, the employee initially bears the burden of production with respect to a prima facie case."  *Midland Brake, Inc.*, 180 F.3d at 1178-79.  We further explained:

> For the employee to make such a prima facie case, he or she must make an initial showing that:

(1) The employee is a disabled person within the meaning of the ADA and has made any resulting limitations from his or her disability known to the employer;

(2) The preferred option of accommodation within the employee's existing job cannot reasonably be accomplished.

(3) The employee requested the employer reasonably to accommodate his or her disability by reassignment to a vacant position, which the employee may identify at the outset or which the employee may request the employer identify through an interactive process, in which the employee in good faith was willing to, or did, cooperate;

(4) The employee was qualified, with or without reasonable accommodation, to perform one or more appropriate vacant jobs within the company that the employee must, at the time of the summary judgment proceeding, specifically identify and show were available within the company at or about the time the request for reassignment was made; and

(5) The employee suffered injury because the employer did not offer to reassign the employee to any appropriate vacant position.

*Id*. at 1179.

The City, of course, supports the district court's summary judgment, because Iverson produced no evidence of specific jobs available within the police department or any other department within the City.[3]  Iverson claims, based on *Midland Brake*, a defendant employer must implement the interactive process in good faith in order to identify vacant positions to which the employee could be

---

[3]      The City claims it engaged in the interactive process.  In light of our resolution of the issues we need not engage its argument.

reassigned. She claims conflicting evidence with respect to the employer's good faith participation in the process prohibits summary judgment – the court need not consider the availability of suitable vacant jobs.[4] But the law is now clear on the point and it is contrary to her position.

In *Barber ex rel. Barber v. Colorado Department of Revenue*, we explained our "[p]rior cases establish that a disabled plaintiff alleging that an employer failed to properly engage in the interactive process must also establish that the

---

[4]    In support of her argument, Ms. Iverson directs us to the decision of the United States District Court for the District of Colorado in *Hines v. Chrysler Corp.*, 231 F. Supp. 2d 1027 (D. Colo. 2002). In that case, the employee argued that

> once [the court] determine[d] there [was] a genuine issue of material fact as to whether Chrysler participated in the interactive process in good faith, [the court had to] deny Chrysler's motion for summary judgment, obviating any need to proceed to an analysis of the fourth prong of her *prima facie* case.

*Id.* at 1047. Chrysler, on the other hand, argued that

> even if it did not participate in the interactive process in good faith, [the court had to] proceed to an analysis of the fourth prong because [Chrysler was] still entitled to summary judgment if [the employee] cannot identify vacant positions which existed at the time she requested reassignment such that reassignment would have been possible.

*Id.* The district court concluded that, at that time, there was "support for both positions" because this court had not yet "clearly articulated the consequences . . . an employer suffers for failing to participate in the interactive process in good faith." *Id.*

We have recently held otherwise.

interactive process would have likely produced a reasonable accommodation." 562 F.3d 1222, 1231 (10th Cir. 2009). "[T]his court held that a claimant alleging that his employer failed adequately to partake of the interactive process required by the ADA will lose on summary judgment if he fails to show 'that a reasonable accommodation was possible,' and that the interactive process would have led to an accommodation." *Id.* (quoting *Frazier v. Simmons*, 254 F.3d 1247, 1261-62 (10th Cir. 2001)). Here, Iverson failed to produce any evidence showing she "was qualified, with or without reasonable accommodation, to perform one or more appropriate vacant jobs within the company" and failed "at the time of the summary judgment proceeding, [to] specifically identify and show [vacant jobs] were available within the company at or about the time the request for reassignment was made." *Midland Brake, Inc.*, 180 F.3d at 1179. And she does not now claim such evidence was presented.[5]

---

[5]     Although, as noted above, Ms. Iverson claimed in her complaint and the pretrial order that there were numerous positions with the police department or other departments that she could have been transferred to, there was no evidence presented to support those claims. When she was questioned about the availability of other jobs, she testified that she "believe[d]" she had been told by her supervisor there were not any other positions open but that she "remember[ed] looking at something . . . in city hall or codes or something" but that she didn't remember what it was, that it also might have been in "the Courts" but that she did not remember and did not know if she could perform the job. Aplt. App., Vol. I at A67-A68.

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge